UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL TIDWELL,

    Petitioner,                    Case No. 17-cv-13835

        v.                   UNITED STATES DISTRICT COURT JUDGE
                                   GERSHWIN A. DRAIN

    J.A. TERRIS,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO SUPPLEMENT [#4] AND DENYING PETITION FOR WRIT OF HABEAS CORPUS [1]

### I. Introduction

Petitioner Samuel Tidwell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Tidwell, currently incarcerated in the Federal Correctional Facility in Milan, Michigan, challenges his convictions for conspiring to distribute cocaine and crack cocaine, in violation of 28 U.S.C. § 846, distributing crack cocaine, in violation of 28 U.S.C. § 841(a)(1), and using and carrying a firearm in the commission of a drug trafficking crime, in violation of 28 U.S.C. § 924(c).

Rule 4, Rules Governing Section 2254 Cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 Cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court concludes that the petition should be denied.

## II. Factual Background

Tidwell was convicted as set forth above after a jury trial in the United States District Court for the Central District of Illinois. *See United States v. Tidwell*, 468 F.3d 1051 (7th Cir. 2007). Tidwell's convictions were affirmed on direct appeal. *United States v. Evans*, 92 F.3d 540 (7th Cir. 1996). Over the next two decades, Tidwell filed at least four § 2255 motions, three applications for permission to file a second or successive § 2255 motion (all of which were denied), and two other motions under § 28 U.S.C. § 2241. *See Tidwell v. Krueger*, No. 16-

1413, 2016 WL 6537544, *1 (C.D. Ill. Nov. 3, 2016) (providing detailed summary of Tidwell's previous filings).

Tidwell now seeks relief from this Court under § 2241, raising these claims:

I.     Actual innocence – convicted of a crime that is no longer a crime.

II.     Actual innocence – inadequate jury instructions.

III.     Actual innocence – not guilty of charged offense.

IV.     Actual innocence – actually innocent based on U.S. Supreme Court's *Bailey and Bousley* [decisions].

Tidwell also filed a motion for leave to supplement his petition. Dkt. No. 4. Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course within 21 days of serving it or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). The petition has not yet been served. Therefore, this Court will permit the petitioner to amend the habeas corpus petition as set forth in his motion.

### III. Discussion

Tidwell brings this action as a habeas petition under 28 U.S.C. § 2241. The proper avenue for relief on a federal prisoner's claim that his conviction and sentence were imposed in violation of the federal constitution or federal law is a motion to vacate or correct sentence under 28 U.S.C. § 2255. *United States v.*

*Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. Tidwell challenges the imposition of his sentence, and therefore his claims are properly filed pursuant to 28 U.S.C. § 2255, unless he can show that a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

"On a successive challenge to a *conviction*, a petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause by showing that he is 'actually innocent.'" *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016), (quoting *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)) (emphasis in *Hill*). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In his first three claims, Tidwell claims that he is actually innocent because he was convicted of a crime that is no longer a crime, the jury instructions were inadequate, and he is not guilty of the charged offense. These unsupported,

conclusory claims of innocence are patently insufficient to establish factual innocence.

Tidwell's final actual innocence claim, which relies on the Supreme Court's decisions in *Bailey v. United States*, 516 U.S. 137 (1995), and *Bousley v. United States*, 523 U.S. 614 (1998), also fails to state a claim under § 2241. To show actual innocence based upon an intervening change in the law, a petitioner must demonstrate:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten*, 677 F.3d at 307–08.

Tidwell cannot show that he did not have meaningful time to incorporate the Supreme Court's decisions in *Bailey* and *Bousley* into prior motions because the District Court for the Central District of Illinois and the Seventh Circuit Court of Appeals previously rejected this claim. *See United States v. Evans*, 92 F.3d 540 (7th Cir. 1996); *Tidwell v. Krueger*, No. 16-3973, 2017 WL 5897699 (7th Cir. March 10, 2017); *Tidwell v. Krueger*, No. 16-1413, 2017 WL 5632660 (C.D. Ill.

Nov. 22, 2017). Accordingly, Tidwell has failed to demonstrate that § 2255 is inadequate or ineffective and relief is denied.

## IV. Conclusion

The Court concludes that the petition is not properly filed under § 2241.

Accordingly, the Court **DENIES** the petition for a writ of habeas corpus.

IT IS SO ORDERED.

Dated:        March 8, 2019

s/Gershwin A. Drain
Hon. Gershwin A. Drain
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 8, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager